JOHN FAULDS

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

1. TIME—*rule for computing.* Where the law required a notice to be posted six days before the day of sale, and the notice was posted on the afternoon of the fifteenth of the month, of a sale to take place on the twenty-first day of the same month: *Held,* that the notice of the sale was legally posted, as in computing the number of days, the day on which it was put up must be included as one of them and be reckoned as one day, the law not recognizing a part of a day.

2. CRIMINAL LAW—*tearing down a legal advertisement.* Where the defendant, whose property had been seized for taxes and advertised for sale, after replevying the property, tore down the advertisement of the sale before the expiration of the day of sale: *Held,* that the act was a palpable violation of the statute, and that he was liable to indictment.

WRIT OF ERROR to the Circuit Court of Iroquois county; the Hon. CHARLES H. WOOD, Judge, presiding.

Messrs. McINTYRE & WRIGHT, for the plaintiff in error.

Mr. W. BUSHNELL, Attorney General, for the People.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The defendant was indicted for unlawfully tearing down an advertisement, posted by authority of law.

It is assumed that the notice was not put up six days prior to the sale, that it was therefore void, and the act charged was no offense.

The notice was posted on the 15th, in the afternoon, and the sale was to be on the 21st of the same month. In computing the number of days, we must include, as one of them, the day of posting. Such is the uniform rule in analogous cases. The day, on which the notice was put up must be reckoned as one day, for the law does not recognize a part of a day.

It is also urged, that as the defendant had replevied the property levied upon, from the collector, before the day of sale, the notice had fulfilled its office, and the defendant was within the exception of the statute creating the offense. The statute provides that the offense shall not extend to defacing or destroying an advertisement after the expiration of the time for which it is to remain up.

The time had not, in fact, expired, and the officer might, in some manner, have obtained the possession of the property before the day of sale. If the affidavit was in compliance with the statute, the party could not have obtained his writ of replevin without committing perjury.

The advertisement was posted in accordance with the law which imposed the duty upon the officer, and it should not have been disturbed until the expiration of the day of sale. Until that day any interference with it was a palpable violation of the statute. It can not be tolerated that a party, whose property has been seized for taxes, and a sale of it duly advertised, can, before the sale, replevy it from the officer, take it out of the custody of the law, perhaps by false swearing, destroy the advertisement of the sale, and then,

as an excuse for his violation of the law, claim that the purpose of the notice had been fulfilled by his own officious act. He might have sued the officer in trespass, or, under some circumstances, have enjoined the sale, but he had no right to sue in replevin.

As to the remaining error, we must presume that the court instructed the jury orally by consent.

The judgment is affirmed.

*Judgment affirmed.*